UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORNELIUS WARD,

    Plaintiff,

v.                                                                Case No: 2:14-cv-419-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Cornelius Ward appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I. Issues on Appeal

Plaintiff raises one overarching issue and three sub-issues on appeal: (1) whether substantial evidence supports the finding of the Administrative Law Judge ("ALJ") at step two that Plaintiff's schizoaffective disorder is "non-severe"; (2) whether substantial evidence supports the weight the ALJ assigned to the opinions of Plaintiff's treating doctors and nonexamining consultants; (3) whether the ALJ properly evaluated Plaintiff's credibility; and (4) if remanded, whether this case should be assigned to a different ALJ.

## II.     Procedural History and Summary of the ALJ's Decision

On June 29, 2010, Plaintiff protectively filed an application for SSI alleging a disability that began on June 29, 2010.  Tr. 123, 170.[1]  The Commissioner denied his claim initially on November 24, 2010 and upon reconsideration on February 11, 2011.  Tr. 94, 99.  Plaintiff then requested and received a hearing before ALJ Larry J. Butler on June 12, 2012, during which he was represented by an attorney.  Tr. 102, 38.  Plaintiff testified at the hearing.  Tr. 38-68.

On November 26, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.  Tr. 20-29.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 29, 2010, the alleged onset date.  Tr. 22.  At step two, the ALJ determined that Plaintiff had the following medically determinable impairment: schizoaffective disorder "that does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe."  Tr. 23.  The ALJ concluded that Plaintiff does "not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 C.F.R. 416.921 *et seq.*)."  *Id.*  In doing so, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical

---

[1] Citations to the administrative record filed at Doc. 15 are denoted "Tr." followed by the appropriate page number.

evidence and other evidence,[2] based on the requirements of 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p. *Id.* The ALJ also considered the opinion evidence in accordance with 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. Tr. 23-24.

Taking into account the effects of Plaintiff's impairment, the ALJ determined that Plaintiff has the ability and aptitude to perform basic work activities as defined in the regulations. Tr. 23. The ALJ also found that Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the ALJ's finding that Plaintiff does not have a severe impairment or combination of impairments. Tr. 26-27. In making this determination, the ALJ considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments, which are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. Tr. 27-28.

---

[2] Plaintiff previously filed a claim for SSI on January 23, 2006 alleging a disability that began on January 1, 1994. Tr. 75. In that case, the ALJ found at step two that Plaintiff had the following severe impairments: anti-social disorder and polysubstance abuse disorder. Tr. 77. The ALJ proceeded with the sequential analysis and ultimately found that Plaintiff was not disabled. Tr. 81. Plaintiff appealed the decision to the Appeals Council. Tr. 85. The Appeals Council issued an Order remanding the case back to the ALJ to further develop the record. Tr. 85-86. On April 24, 2008, Plaintiff's claim ultimately was dismissed because he failed to appear at the scheduled hearing. Tr. 89-92. Although in this case ALJ Butler primarily limited his analysis of the medical evidence to the period after the alleged onset date ("AOD") of June 29, 2010, he noted Plaintiff's prior application and stated that he considered "all the evidence." Tr. 20, 24. *See, e.g.,* Tr. 25 (discussing records from March 2009 and March 2010).

The ALJ determined that Plaintiff has no limitation in his activities of daily living. Tr. 27. The ALJ found that Plaintiff has mild limitation in social functioning and concentration, persistence or pace. Tr. 27-28. The ALJ further found that Plaintiff has experienced no episodes of decompensation that have been of extended duration. Tr. 28. Accordingly, the ALJ found that Plaintiff's impairment is "non-severe" and Plaintiff is therefore, not disabled. *Id.*

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Counsel, which was denied on June 14, 2014. Tr. 8. Accordingly, the ALJ's November 26, 2012 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on July 29, 2014. Doc. 1.

### III. Social Security Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)

(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV. Discussion

> A. *Whether substantial evidence supports the find of the ALJ's at step two that Plaintiff's schizoaffective disorder is "non-severe"*

Plaintiff first contends that the ALJ erred in finding at step two that Plaintiff does not have a severe impairment or combination of impairments within the meaning of 20 C.F.R. § 416.921. Doc. 22 at 6. Plaintiff argues that the ALJ mischaracterized the medical evidence when he concluded that Plaintiff has "unremarkable mental status examinations" and "mostly no side effects to the medication." *Id.* at 8. Plaintiff also asserts that the constant need to change his medication due to the symptoms and side effects and the abnormal mental status examinations were more than mild or trivial. *Id.* The Commissioner asserts that the ALJ considered all of the evidence and appropriately found that Plaintiff's schizoaffective disorder is non-severe because the treatment has been generally successful in controlling his symptoms. Doc. 23 at 5. Upon review of the records, the Court finds that it is unclear whether the ALJ properly considered all of the evidence when making his finding that Plaintiff is not disabled at step two.

At step two, "a claimant's impairment is determined to be either severe or non-severe." *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986). Plaintiff bears the burden of establishing that his impairments are severe and prevent the performance of his past relevant work. *Bowen v. Yuckert*, 482 U.S. at 146 n.5. The burden at step two is mild, and a claimant need only show that his impairment is not so slight and the effect is not so minimal. *McDaniel*, 800 F.2d at 1032. "Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be

rejected." *Id.* An impairment is severe if it significantly limits a claimant's physical or mental ability to perform basic work activities, but an impairment is not severe if it is merely a slight abnormality or a combination thereof that does not have more than a minimal effect on the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). "Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step." SSR 85-28; *see also Beasich v. Comm'r. of Soc. Sec.*, 66 Fed. Appx. 419, 428 (3d Cir. 2003) (stating "[r]easonable doubts on severity should be resolved in favor of the claimant.").

With regard to mental impairments, the regulations provide a process to evaluate the severity based on consideration of the "paragraph B" criteria. 20 C.F.R. § 404.1520a(d). The four criteria under paragraph are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00. If the Commissioner finds that the degree of limitation in the first three areas to be "none" or "mild" and "none" in the fourth area, the Commissioner will typically conclude that the impairment is non-severe. 20 C.F.R. § 404.1520a(d)(1). Moreover, "a claimant whose claim is based on a mental condition does not have to show a 12-month period of impairment unmarred by any symptom free interval." *Henning v. Colvin*, 2015 WL 248413 *19 (N.D. Fla. 2015). The regulations take into account that the

symptoms related to a mental impairment may vary in severity and in response to medication. *Thornton v. Astrue*, 356 Fed. Appx. 243, 248 (11th Cir. 2009) (citing 20 C.F.R. Part 404, subpart P, Appendix 1 at §§ 12.00, 12.03, 12.04). Thus, the ALJ must consider all of the relevant evidence to determine whether an impairment is severe. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00. It is improper for an ALJ to pick and choose only the evidence that supports his decision. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 2011) (holding that the decision was not supported by substantial evidence when the administrative agency focused on one piece of evidence that supported its decision while disregarding contrary evidence).

In his opinion, the ALJ found that Plaintiff's schizoaffective disorder does not cause more than minimal limitations in the claimant's ability to perform basic mental work activities. Tr. 23. The ALJ determined that Plaintiff has no limitation in his activities of daily living, mild limitation in social functioning, mild limitation in concentration, persistence or pace, and no episodes of decompensation. Tr. 27-28. The ALJ further found that Plaintiff's functional limitations are self-imposed, and Plaintiff has not presented an impairment that would deem him disabled. Tr. 27. Moreover, the ALJ found that Plaintiff's treatment has been generally successful. *Id.* Accordingly, the ALJ found Plaintiff's schizoaffective disorder to be non-severe.

Plaintiff argues that although the ALJ acknowledges Plaintiff's treatment history, "[t]here is no reasonable basis to accept that the ALJ has presented adequate evidence to support his conclusion that [Plaintiff] has only trivial impairments only causing minimal effects on his ability to perform work." Doc. 22 at 7, 9. Plaintiff

also contends that the ALJ completely mischaracterized the evidence. *Id.* at 8. Plaintiff asserts that the ALJ disregarded the opinions of his treating psychiatrist, Dr. Chandrahas Bhat. Doc. 22 at 7.

Dr. Bhat diagnosed Plaintiff with schizoaffective disorder-depressed and prescribed him Seroquel. Tr. 442. Dr. Bhat's records routinely indicate that Plaintiff was neat, cooperative, alert, and had an organized thought process. Tr. 462-64, 474, 478. Dr. Bhat also routinely noted that Plaintiff had no side effects other than grogginess or sluggishness from the medication. Tr. 462-64, 473-74, 477-78. The ALJ relied on this information to conclude that Plaintiff is not disabled. Tr. 25-26. While the ALJ noted that on January 30, 2012 Plaintiff reported to Dr. Bhat that he experienced hallucinations, the doctor increased his medication, and Plaintiff later reported that the medication was helping him "a lot." Tr. 26, 473-74. On May 7, 2012, Plaintiff reported that he was doing better and felt calmer since the increase in medication and denied any side effects. Tr. 490. The ALJ concluded that Plaintiff has received treatment for his allegedly disabling symptoms and the treatment has been generally successful as noted by the unremarkable mental status examinations. Tr. 27.

The ALJ, however, failed to consider the other notations in Dr. Bhat's treatment records indicating that Plaintiff had slowed speech or restricted affect. Tr. 445-46, 462-64, 477-79. Moreover, the ALJ concluded that Plaintiff's symptoms were generally controlled by treatment. Tr. 27. This conclusion is contrary to the evidence, which indicates that Plaintiff's medication had to be adjusted

- 9 -

approximately five times during a two year period to address the symptoms and side effects Plaintiff experienced while taking the medication. Tr. 472-74, 463. The ALJ concluded that Dr. Bhat's treatment records were unremarkable aside from one note by Dr. Bhat on January 30, 2012 that Plaintiff reported experiencing hallucinations. Tr. 26. The ALJ, however, fails to mention that on April 25, 2011 Plaintiff reported to Dr. Bhat that he was hearing voices. Tr. 478. Plaintiff also reported on September 20, 2011 that he was angry and irritable. Tr. 477. At that point, Dr. Bhat referred Plaintiff to therapy to further address his symptoms. Tr. 477. Dr. Bhat also completed a Questionnaire as to Mental Residual Functional Capacity opining that Plaintiff had extreme limitations in social interaction, sustained concentration and persistence, and adaptation. Tr. 467-70. The ALJ, however, completely discounted these opinions as being inconsistent with Dr. Bhat's treatment records. Tr. 27. It appears that the ALJ focused solely on the evidence that supported his conclusion when finding that Plaintiff is not disabled. It is unclear whether the ALJ considered any of the contrary evidence in making his finding. Thus, the Court cannot conclude that the ALJ's decision is support by substantial evidence. *McCruter v. Bowen*, 791 F.2d at 1548.

The therapy records from Dr. Ligia Plazas-Ozeki, M.D. also indicate that Plaintiff continued to have problems despite his treatment. Tr. 475-76, 488-89. On January 30, 2012, Dr. Plaza-Ozeki's noted that Plaintiff's level of functioning was worse. Tr. 475. Plaintiff also reported to Dr. Plaza-Ozeki that his medication was not working, and he had homicidal thoughts at times. *Id.* During that visit, Dr.

Plaza-Ozeki stated that Plaintiff had a strong bodily odor and lacked proper hygiene. *Id.* Plaintiff also reported to Dr. Plaza-Ozeki on October 10, 2011, May 17, 2012, June 14, 2012 and July 23, 2012, that he had been having hallucinations and hearing voices. Tr. 476, 488-89, 538.

While the ALJ references the therapy sessions, he appears only to highlight the opinions that support his conclusion that Plaintiff is not disabled. He states that Plaintiff appeared for the therapy sessions appropriately dressed and well-groomed but neglects to mention that during one visit Plaintiff had a strong bodily order and lacked proper hygiene. Tr. 25-26; 475. The ALJ also stated that while Plaintiff reported difficulties with irritability and controlling his anger, it was recommended that he walk for 30 minutes per day to control the anger. Tr. 25-26. The ALJ, however, does not mention Plaintiff's reported hallucinations or homicidal thoughts. Thus, it is unclear whether the ALJ considered this evidence when making his findings.

In sum, the Court finds that the ALJ failed to demonstrate that his step two finding was based on substantial evidence, and remand is necessary to rectify this error. The Eleventh Circuit consistently has held that an ALJ's step two analysis is a threshold inquiry, which "allows only claims based on the most trivial impairments to be rejected." *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). In this case, the ALJ has failed to support his conclusion that the Plaintiff's mental impairments were so trivial as to preclude further analysis. To that end, the Court is unable to discern whether the ALJ properly considered all of the relevant medical

evidence on record. Therefore, upon remand, the ALJ must reassess whether the Plaintiff suffered from a severe impairment and in doing so must reconsider and discuss the pertinent medical evidence on record. The ALJ may discount the opinions of the Plaintiff's treating sources, so long as he provides "good cause" for his conclusions. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). However, if the ALJ's reconsideration of the evidence results in the identification of a severe impairment at step two of his new decision, the ALJ must proceed accordingly with the sequential analysis.

> B. *Whether substantial evidence supports the weight the ALJ assigned to the opinions of Plaintiff's treating doctors and nonexamining consultants*

Plaintiff next alleges that the ALJ erred by failing to adopt the opinions of Plaintiff's treating physician that Plaintiff had marked limitations in functioning and met the requirements of 20. C.F.R. Part 404, Subpart P, Appendix 1 at §§ 12.03 and/or 12.04. Doc. 22 at 9. The Commissioner responds that the treating physician made conclusory statements and statements inconsistent with the records. Doc. 23 at 7-8. Therefore, the Commissioner argues, the ALJ may reject the opinion of the treating physician. Doc. 23 at 7.

Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. § 404.1527(c)(2)-(6). Opinions of treating sources usually are

given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight. *Id.*

By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion. *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Green v. Soc. Sec. Admin.*, 223 Fed. Appx. 915, 922 (11th Cir. 2007) ("Good cause to discount a treating physician may arise where a report 'is not accompanied by objective medical evidence or is wholly conclusory.'") (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159

(11th Cir. 2004) (per curiam)). "The ALJ may also devalue the opinion of a treating physician where the opinion is contradicted by objective medical evidence." *Green*, 223 Fed. Appx. at 922.

Here, the ALJ relied heavily upon the opinions of nonexamining medical consultants, Dr. George Grubbs and Dr. James L. Meyers while rejecting portions on the opinions of Dr. Bhat. Tr. 27. Plaintiff argues that the ALJ's heavy reliance of Dr. Grubbs' and Dr. Meyers' opinions is not proper because Dr. Grubbs and Dr. Meyers did not review the majority of the evidence of record. Doc. 22 at 11.

Dr. Grubbs formulated his opinion November 24, 2010 and found that Plaintiff had no limitation in his activities of daily living, mild limitations in social functioning and concentration persistence or pace, and no episodes of decompensation. Tr. 447. These opinions, however, were made without the evidence later submitted by Plaintiff from November 24, 2010 through June 12, 2012, the date of the hearing.

Additionally, Dr. Meyers opined on January 21, 2011 that Plaintiff has indicated a pattern of improvement or stability over time. Tr. 465. Similar to Dr. Grubbs' opinion, Dr. Meyers formulated his opinion without the benefit of the later submitted evidence. While it is proper for the ALJ to consider the opinions of Dr. Grubbs and Dr. Meyers, the ALJ must clearly articulate the weight provided to each doctor in light off all of the evidence of record. *See* 20 C.F.R. § 404.1527(c)(2)-(6)

Here, the Court already has determined that remand is warranted. Because it is unclear whether the ALJ considered all of the evidence, the Court will direct the Commissioner to reevaluate the opinions of Plaintiff's treating doctors and the

nonexamining consultants. If the ALJ still concludes that Dr. Bhat's opinions should be discounted, the ALJ must provide "good cause" for his conclusions. *Phillips,* 357 F.3d at 1240.

### C. Whether the ALJ properly evaluated Plaintiff's credibility

Plaintiff next contends that the ALJ erred in determining that Plaintiff's statements were not credible because he failed to provide explicit and adequate reasons for discrediting Plaintiff's testimony. Doc. 22 at 11. The regulations require the ALJ to consider specific factors when making credibility determinations. Those factors include the claimant's daily activities; the location, duration, frequency and intensity of pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medications; treatment other than medication; and any other measures to reduce pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

SSR 96-7p further explains the process by which a claimant's credibility must be evaluated:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

A claimant's statements as to the intensity and persistence of pain or other symptoms, or how they affect his ability to work, may not be disregarded simply because they are not supported by objective medical evidence; instead, the ALJ must

state specific reasons for his credibility determination and the weight given to subjective statements, which must be supported by the record. 20 C.F.R. § 404.1529(c)(4) (subjective complaints are evaluated in relation to other evidence); SSR 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.").

Credibility determinations, resolving conflicts in the evidence and drawing inferences therefrom are functions of the Commissioner, not the Court. *Parker v. Colvin*, No. 8:12-cv-1919-T-24-TGW, 2013 WL 3209443, at \*2 (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971) and *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963)). Instead, the Court's role is limited to determining whether the ALJ's decision is supported by substantial evidence. To that end, "[t]the question is not . . . whether [the] ALJ could have reasonably credited [the plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 Fed. Appx. 935, 939 (11th Cir. 2011).

Because it is unclear whether the ALJ considered all of the record evidence and the Court finds that remand is appropriate, the Court will direct the Commissioner to reevaluate Plaintiff's credibility when the Commissioner considers all of the record evidence.

### D. Whether this case should be assigned to a different ALJ

Finally, Plaintiff requests that if the Court determines a remand to the Commissioner is appropriate, the Commissioner be directed to assign Plaintiff's case

to a different ALJ. Doc. 26. The Regulations provide that an ALJ "shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940. Here, Plaintiff has not shown that ALJ Butler's lawsuit, filed after his opinion in this case was issued and which does not involve Plaintiff's case, resulted in actual bias. Although the Court declines to direct the Commissioner to assign this case to a different ALJ and instead leaves that decision to the Commissioner's discretion, in order to avoid the *appearance* of bias, the Commissioner should at least consider reassigning this case to another ALJ.

### V. Conclusion

Upon review of the record, the undersigned concludes that the ALJ failed to apply the proper legal standards, and thus his determination that the Plaintiff is not disabled is not supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

>   A. reassess whether Plaintiff suffered from a severe impairment;
>
>   B. reevaluate the weight accorded to Plaintiff's treating doctors and the state examining consultants;
>
>   C. reevaluate the credibility of Plaintiff;

      D. make any other determinations consistent with this Opinion and Order, or in the interest of justice.

2. The Clerk of Court is directed to enter judgment in favor Plaintiff Cornelius Ward, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of September, 2015.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record